UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| KENNETH BAZILIO, Individually and for Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ENVIRONMENTAL AND SAFETY SOLUTIONS, INC.,<br><br>Defendant. | Case No. 3:22-cv-03067-SAL<br><br>Jury Trial Demanded<br><br>Class and Collective Action |

# COMPLAINT

### SUMMARY

1. Environmental and Safety Solutions, Inc. (ESS) failed to pay Kenneth Bazilio (Bazilio) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA); the South Carolina Payment of Wages Act, S.C. Code § 41-10-10, *et seq*; and South Carolina common law (collectively, "SC Wage Laws").

2. Instead, ESS paid Bazilio and other workers like him the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or "straight time for overtime").

3. ESS cannot meet the requirements for any relevant exemption because ESS did not pay Bazilio or the other worker like him on a "salary basis."

4. Because the salary basis test is a prerequisite to any potentially applicable exemption (administrative, executive, professional, or highly compensated) to the FLSA's or state overtime requirements, Bazilio and the other workers like him are non-exempt employees who are entitled to overtime for every hour above 40 worked in a week.

5.     Bazilio brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA and SC Wage Laws.

## JURISDICTION AND VENUE

6.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

7.     The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

9.     Bazilio worked for ESS throughout this District and Division.

## THE PARTIES

10.     During the relevant period, Bazilio was an hourly employee of ESS.

11.     Throughout his employment with ESS, Bazilio was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

12.     His written consent is attached herein as Exhibit A.

13.     Bazilio brings this action on behalf of himself and other similarly situated workers who were paid by ESS's "straight time for overtime" system.

14.     The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All environmental, health, and safety employees of Environmental and Safety Solutions during the past 3 years who were paid straight time for overtime (the "FLSA Class Members").**

15.     Bazilio seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

16. Second, Bazilio seeks to represent a class of similarly situated employees under the SC Wage Laws pursuant to Federal Rule of Civil Procedure 23. The SC Class is defined as:

**All environmental, health, and safety employees of Environmental and Safety Solutions during the past 3 years who were paid straight time for overtime and worked in South Carolina (the "SC Class Members").**

17. Bazilio reserves the right to redefine the class prior to class certification.

18. Collectively, the FLSA Class Members and SC Class Members are referred to as the Putative Class Members.

19. ESS may be served with process by serving its registered agent, the Lonnie Grayson, 10088 Springfield Pike, Suite 1, Cincinnati, Ohio 45125, or wherever he may be found.

## COVERAGE UNDER THE FLSA

20. At all times hereinafter mentioned, ESS was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all times hereinafter mentioned, ESS was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all times hereinafter mentioned, ESS was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which is separately stated).

23. ESS has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been

moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

24. At all times hereinafter mentioned, Bazilio and the FLSA Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

25. ESS provides environmental, health, safety, and engineering staffing solutions to businesses throughout the United States. https://theessinc.com/mission-and-values/ (last visited September 8, 2022).

26. In order to provide services to its clients, ESS hires employees it pays on an hourly basis.

27. Bazilio worked for ESS as a Health and Safety Specialist.

28. Bazilio performed daily inspections to the construction work at Duke Energy facilities.

29. Bazilio ensured that work was being performed safely in accordance with ESS, its clients, and regulatory policies and procedures.

30. Bazilio was paid around $42 an hour for every approved hour worked.

31. Bazilio was employed by ESS from December 2015 until March 2021.

32. Bazilio was an hourly employee of ESS.

33. Bazilio was not paid a guaranteed salary.

34. Bazilio worked for ESS throughout South and North Carolina.

35. Bazilio reported the hours he worked to ESS on a regular basis.

36. If Bazilio worked under 40 hours, he was only paid for the hours he worked.

37. In other words, ESS made improper deductions from Bazilio's compensation.

38. But Bazilio would regularly work more than 40 hours in a week.

39. In fact, Bazilio routinely worked 65 or more hours a week.

40. The hours Bazilio worked are reflected in ESS's payroll records.

41. ESS paid Bazilio the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

42. ESS did not pay Bazilio time and a half overtime for all hours worked in excess of 40 hours in a single workweek.

43. Rather than receiving time and half as required by the FLSA and SC Wage Laws, Bazilio only received "straight time" pay for overtime hours worked.

44. This "straight time for overtime" payment scheme violates the FLSA and SC Wage Laws.

45. ESS was aware of the overtime requirements of the FLSA and SC Wage Laws.

46. ESS nonetheless failed to pay certain hourly employees, such as Bazilio, overtime.

47. Bazilio and the Putative Class Members all performed environmental, health, and safety job duties and are subject to similar compensation practices.

48. Bazilio and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

49. Bazilio and the Putative Class Members regularly worked in excess of 40 hours each week.

50. ESS did not pay Bazilio and the Putative Class Members on a salary basis.

51. ESS paid Bazilio and the Putative Class Members "straight time for overtime."

52. ESS made improper deductions from the Putative Class Members' compensation.

53. ESS failed to pay Bazilio and the Putative Class Members time and a half overtime for hours worked in excess of 40 hours in a single workweek.

54. As a result, ESS cannot satisfy its burden to meet the salary basis test.

55. Because the salary basis test is a prerequisite to any white-collar exemption (administrative, executive, professional, or highly compensated) of the FLSA's and SC Wage Laws' overtime requirements, ESS cannot satisfy its burden to apply potentially applicable overtime exemption.

56. ESS knew about the FLSA and SC Wage Laws' requirements.

57. ESS knew it had to meet the salary basis test to take advantage of any exemptions for white-collar employees.

58. ESS did not conduct an investigation as to whether its straight time for overtime pay practice compensated Bazilio and the Putative Class Members on a salary basis.

59. ESS knew, or acted with reckless disregard, for whether Bazilio and the Putative Class Members were paid in accordance with the FLSA.

60. ESS's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

61. Bazilio incorporates the preceding paragraphs by reference.

62. The illegal pay practices ESS imposed on Bazilio were imposed on the Putative Class Members.

63. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

64. Numerous other individuals who worked with Bazilio were paid in the same manner, performed similar safety work, and were not properly compensated for all hours worked as required by state and federal wage laws.

65. Based on his experiences and tenure with ESS, Bazilio is aware that ESS's illegal practices were imposed on the Putative Class Members.

66. The Putative Class Members were not paid time and a half overtime when they worked more than 40 hours per week.

67. ESS's failure to pay overtime at the rates required by federal law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

68. Bazilio's experiences are therefore typical of the experiences of the Putative Class Members.

69. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

70. Bazilio has no interests contrary to, or in conflict with, the Putative Class Members.

71. Like each Putative Class Member, Bazilio has an interest in obtaining the unpaid overtime wages owed under federal law.

72. The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by ESS.

73. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

74. Absent a class and collective action, many Putative Class Members will not obtain redress of their injuries and ESS will reap the unjust benefits of violating the FLSA and SC Wage Laws.

75. Furthermore, even if some Putative Class Members could afford individual litigation against ESS, it would be unduly burdensome to the judicial system.

76. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to ESS, and to the Court.

77. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

78. The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether ESS required Bazilio and the Putative Class Members to work more than 40 hours during individual work weeks;

   b. Whether ESS's decision to pay Bazilio and the Putative Class Members straight time for overtime was made in good faith;

   c. Whether ESS paid Bazilio and the Putative Class Members on a salary basis;

   d. Whether ESS failed to pay Bazilio and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

   e. Whether ESS's violation of the FLSA was willful; and

   f. Whether ESS's illegal pay practices were applied to Bazilio and the Putative Class Members.

79. Bazilio and the Putative Class Members sustained damages arising out of ESS's illegal and uniform employment policy.

80. Bazilio knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

81. Bazilio will fairly and adequately represent and protect the interests of the Putative Class Members.

82. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class action or collective action treatment.

### FIRST CAUSE OF ACTION – VIOLATION OF THE FLSA

83. Bazilio incorporates the preceding paragraphs by reference.

84. By failing to pay Bazilio and the FLSA Class Members overtime at one-and-one-half times their regular rates, ESS violated the FLSA's overtime provisions.

85. ESS owes Bazilio and the FLSA Class Members overtime pay at the proper overtime rate.

86. Because ESS knew, or showed reckless disregard for whether, its pay practices violated the FLSA, ESS owes these wages for at least the past three years.

87. ESS is liable to Bazilio and the FLSA Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

88. Bazilio and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### SECOND CAUSE OF ACTION – VIOLATION OF THE SC WAGE LAWS

89. Bazilio incorporates the preceding paragraphs by reference.

90. It is unlawful under South Carolina law for an employer to make deductions from employee wages except as required or permitted by state or federal law or when the employer has given written notification to the employee of the amount and terms of the deductions to be made at the time of the hiring.

91. Bazilio and the SC Class Members are, or were, employees of ESS under the SC Wage Laws.

92. ESS violated the SC Wage Laws during the class period and continuing through trial of this action, by:

   a. making deductions from Bazilio's and the SC Class Members' wages in violation of S.C. Code §§ 41-10-30 & 41-10-80, including deductions for warehouse fees, fuel, stale product, vehicle payments, inventory charges, "charge backs," equipment fees, and distributor fees;

   b. failing to give notice at the time of hiring of the deductions to be made from the wages of Bazilio and the SC Class Members;

   c. failing to pay Bazilio and the SC Class Members' full wages when due as a result of the unlawful deductions described above; and

   d. any other unlawful practice under the Act by ESS as may be revealed through discovery.

93. As a result of the unlawful conduct by ESS set forth above, Bazilio and the SC Class Members have sustained loss through unpaid wages as a proximate result of ESS's violation of SC Wage Laws.

94. Bazilio on behalf of himself and the SC Class Members seek damages in an amount equal to three times the full amount of the unpaid, earned wages, plus costs and reasonable attorneys' fees as the Court may allow.

## JURY DEMAND

95. Bazilio demands a jury trial.

## PRAYER

Bazilio prays for relief as follows:

   a. An order certifying a class action under Rule 23 for the purposes of the claims under the SC Wage Laws;

b.  An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Putative Class Members;

c.  A judgment finding ESS liable to Bazilio and the Putative Class Members for unpaid overtime and an equal amount as liquidated damages;

d.  An order appointing Bazilio as the class representative;

e.  An order appointing Bazilio's Counsel as Class Counsel;

f.  An order awarding attorneys' fees, costs, expenses, and judgment interest; and

g.  An award of such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ T. Christopher Tuck*
T. Christopher Tuck, Esq., ID No. 9135
T.A.C. Hargrove, II, Esq., ID No. 12487
ctuck@rpwb.com
thargrove@rpwb.com
**ROGERS, PATRICK, WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd. Building A
Mt. Pleasant, SC 29464
Telephone: (843) 727-6500
Facsimile: (843) 216-6509

**AND**

**Michael A. Josephson**
State Bar No. 24014780
**Andrew W. Dunlap**
State Bar No. 24078444
**Richard M. Schreiber**
State Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

11

**Richard J. (Rex) Burch**
State Bar No. 24001807
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**